AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| **SERGIO MOSQUEDA-HERNANDEZ** | Case Number: 09-20005-19-KHV-DJW |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 18, 2009

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Sergio Mosqueda-Hernandez
Criminal Action 09-20005-19-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The law in 18 U.S.C. §3142(g) sets out factors that I should consider to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the person and the community.

First is the nature and circumstances of the offense charged, including whether the offense is a crime involving a controlled substance. It is, so that is a negative factor.

The next factor is the weight of the evidence. There is a Grand Jury Indictment which is a probable cause determination, so that is a negative factor.

The next factor is the history and characteristics of the person, including their physical or mental condition. There is no indication that the defendant's physical or mental condition is a problem.

His family ties are positive as indicated by the testimony of the witness.

His employment is positive as indicated by the testimony.

The next factor is financial resources. There is no indication that he has substantial resources that will enable him to flee, so that is a positive.

His length of residence in the community is somewhat mixed in that he has obviously been deported twice, so he has been in and out of the community.

His past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is his biggest problem. The records are clear that he has prior convictions. More importantly from the point of view of this determination, as recently as 2008 he was paroled and, according to the report, has not complied with the terms and conditions of parole. He has also been released on bond which means he has not been able to reappear on those cases.

The next factor is whether at the time of the current offense or arrest the person was on probation or

parole, and he was.

The final factor is the nature and seriousness of the danger to the person or the community that would be posed by the release. Any time you are talking about dealing methamphetamine it is a substantial danger to the community.

Considering all these factors together as well as the presumption that flows from the Indictment in this case, I am going to find that even though there may be conditions I could set, there is no indication that the defendant would ever comply based on his prior conduct of ignoring the deportation orders and parole orders, so I'm going to order him detained.